Stephenson, J.
This is an action in mandamus to compel the county treasurer of Brown county, Ohio, to pay a warrant for county turnpike improvement from a fund created by a two-mill levy, which said tax was levied on all the taxable property of Brown county, Ohio, in the year of 1916 in pursuance of a resolution adopted by the board of county commissioners of said county, which said resolution in substance recites that said board of county commissioners have viewed the principal highways of said county, naming them, and find that said highways have been damaged by freshets and that by reason of the damage by freshets and by reason of the large amount of traffic on said roads, and from neglect and inattention to the repair thereof, they have become unfit for travel and cause difficulty, danger and delay to teams passing thereon.
Then said board makes a finding as to the amount that will be necessary to repair each road and upon aggregating the several amounts find that it will be necessary to levy two mills upon the taxable property of said county to place said roads in repair and such levy was made for the fiscal year beginning September 1, 1916.
Said resolution states that the procedure is had under and by authority of Section 7419 of the General Code of Ohio.
On February 3, 1917, George Kress, a tax-payer and resident of Brown county, on his own behalf and in behalf of all other tax-payers of said county, filed a petition in the Court of Common Pleas of Brown County against Cornelius Wilson as treasurer of said county to restrain the collection of said tax, and on April 18, 1917, an answer was filed to said petition and a demurrer was filed to the answer and such proceedings were had that a final judgment was had in said cause in said court of common pleas; that on June 25, 1917, said' George Kress per *235 fected error proceedings in said cause in the Court of Appeals of Brown County, and said matter in error was heard in the court of appeals of said county on August 21, 1917, and said court rendered a judgment to the effect that the petition filed in said cause does not state facts sufficient to entitle plaintiff to any relief and the judgment of the court of common pleas was affirmed.
'The court of appeals further found that the facts stated in the second and third defenses of defendant’s answer to the petition of plaintiff would not constitute a good defense to a good cause of action, and the ease was remanded to the Court of Common Pleas of Brown County for further proceedings according to law, and leave was granted plaintiff to file an amended petition setting forth the aggregate amount of the tax rate in the district involved.
On August 23, 1917, a mandate was sent to the court of common pleas and on August 28, 1917, leave was given to file an amended petition in the court of common pleas, and on the same day the same was filed.
On September 13, 1917, a demurrer to said amended petition was filed and the same is as yet undisposed of.
It is admitted that the tax sought to be enjoined is the two-mill levy made by the board of county commissioners in 1916, by virtue of the resolution hereinbefore referred to, and that this suit in mandamus is to compel the county treasurer to pay to the relator a warrant upon the fund created by said levy.
On September 4, 1917, George Kress, tax-payer and resident of Brown county, filed in the Court of Common Pleas of Brown County another petition against John E. Penny as auditor of Brown county, and the defendant in this cause as county treasurer, setting out the action of the commissioners of Brown county in making said levy, denying the existence of the basic facts set out in the resolution adopted by the board of county commissioners, and likewise setting out the aggregate amount of the levies of Pike and Clark townships, Brown county; that said levy was invalid and without authority of law and prayed that the auditor of said county be enjoined from issuing his war *236 rant on the county treasurer for payment out of said fund and that the treasurer be enjoined from paying any money out of said fund for any purpose.
Said petition is still pending in the Court of Common Pleas of Brown County.
In neither of these suits for injunction was a temporary restraining order issued or served on the treasurer of Brown county or any injunction bond given.
In the instant action, plaintiff avers that Cornelius Wilson is the duly elected, qualified and acting treasurer of Brown county; that on or about August 20, 1917, and from said day to August 28, 1917, under contract duly made and entered into, plaintiff performed labor, furnished material and rendered services to Brown county, in, upon and about the repair and improvement of a certain free turnpike road in said county, known as Inter-county Highway No. 175, from New Hope to Mt. Orab, Ohio.
On the 29th day of August, 1917, the surveyor of Brown county approved and accepted plaintiff’s work.
On August 29, 1917, plaintiff filed with the auditor of Brown county an itemized claim of the amount due him for said labor performed, material furnished and services rendered and on or about September 3, 1917, the board of county commissioners of Brown county duly allowed said claim and instructed and ordered the auditor of said county to draw his warrant upon the treasurer of said county, the defendant herein, for the amount of said claim.
On the 8th day of September, 1917, the auditor of said county drew his warrant upon the treasurer of said county and delivered same to relator. A copy of said warrant is set out, viz.:
“Auditor’s Office, Brown County.
“Georgetown, Ohio, Sept. 8, 1917.
“No. 26925. Series A.

“To the Treasurer of Brown County, Ohio:

“Will pay to the order of T. W. Lowe, Eleven Hundred and Fourteen and 81/100 Dollars for Emergency Pike Pay-roll out of Emergency Pike Fund.
“Allowed by Comm.
“$1,114.81.
John E. Penny, Auditor.”
*237 Relator further avers that there is money in the county treasurer’s hands to the credit of the fund upon which said warrant is drawn for the use of said county and not otherwise appropriated, sufficient to pay his claim.
That on September 18, 1917, he presented said warrant to the treasurer of said county and demanded payment, but that said treasurer, defendant herein, refused and still refuses to pay same and he asks that a writ of mandamus issue commanding and requiring the defendant to pay said warrant or show cause why he should not be compelled to do so.
The treasurer answers this petition setting out in detail the different court proceedings, attaching to his answer the pleadings in the two suits for injunction.
The recital of the proceedings in each suit are pleaded as separate defenses and in each defense it is pleaded that the two-mill levy referred to in each petition is the levy from which the fund sought to be appropriated to the payment of the warrant set out in the petition herein is derived, and the same was for the year 1916, and was made by the county commissioners of Brown county for the repair of certain public highways under favor of Section 7419 of the General Code of Ohio.
The treasurer admits he refused to pay relator’s warrant out of said fund and gives as his reasons for such refusal that he feared that if he paid same out of said fund, in the event of an adverse decision in the pending cases, he would be rendering himself liable, and he asks the direction of the court in the matter of such payment. '
A general demurrer is filed by relator to each of said defenses and to the answer as a whole.
For the purposes of the demurrer, all matter well pleaded in the answer is admitted by relator.
This ease turns upon the question whether or not Cornelius Wilson, as treasurer of Brown county, was vested with any discretionary power, under all the circumstances, to refuse to pay relator’s warrant, and if he had such discretionary power, did he abuse it.
The.legal atmosphere surrounding this question in'this state is a -bit hazy. Ohio bases may be found holding that the treas *238 urer is a purely ministerial officer. Other Ohio eases may be found to the effect that the treasurer has a discretion in the payment of public moneys.
We are confronted with a new rule governing public expenditures. This rule was announced by Judge Wanamaker on March 6, 1917, viz.:
“In case of doubt as to the right of any administrative board to expend public moneys under a legislative grant, such doubt must be resolved in favor of the public and against the grant of power.” State, ex rel A. Bentley & Sons Co., v. Pierce, Auditor, 95 O. S., - (reported in Ohio Law Reporter October 1, 1917).
It may be argued that this case has no application to the case at bar. That the question in the case referred to was a question as to the right of an administrative board under its statutory grant of authority to expend certain moneys.
The fact that an administrative board is referred to in this case and not an administrative officer would make no difference. The real question is the authority of the board or public officer to expend public moneys, and if the right or authority is not clear or doubtful it must be resolved in favor of the public.
In the ease cited, the court, in the application of this rule, denied power to the trustees of the Clark County Memorial Building to expend money, that was the usufruct of money they had perfect right to expend.
It will hardly be contended that a county treasurer is not a ministerial officer, but ministerial officers may be required to .perform duties that are quasi-judicial or discretionary. -
If the duty of the treasurer in this case, in the payment of this warrant under all the circumstances, is purely ministerial or administrative, the writ should be allowed, but if the treasurer under all the circumstances is entitled to exercise a sound discretion and he does exercise it and does not exceed or abuse it, the writ should be refused.
Mandamus lies to compel a treasurer to pay a warrant regular and valid on its face, there being nothing before the court by way .-.of proof or ..admissions in the pleading, to\overeome the pre *239 sumption that the warrant was lawfully issued for valid indebtedness. 26 Cyc., p. 234 and cases cited.
In the case at bar we have in the pleadings and in the case as it now stands before the court admissions sufficient to overcome the presumption that the warrant was lawfully issued for valid indebtedness of the county. (It must be rémembered that all allegations of fact that are well pleaded in the answer of the treasurer are admitted for the purpose of the demurrer.)
It is insisted by counsel that the treásurer is not bound to pay any attention to either of these injunction suits, as no temporary order was allowed in either case and no bond given and that an order of injunction has no legal efficiency until the bond is given and the order is issued and served.
’That is good law, supported both by statutory provision and by decisions of the Supreme Court.
It is not a question of the operation and effect of these injunctions, but the question is, tinder all the facts pleaded by the treasurer and admitted to be true by the relator, should the treasurer pay or refuse to pay this' warrant ?
A public officer is liable officially for misfeasance or malfeasance in office.
He is liable in most jurisdictions individually, when under color of office he does some acts, clearly ttMra vires and entirely divorced from the duties of the office that results in damage.
ITas the treasurer in this case pleaded facts sufficient to put a man of ordinary caution and prudence on inquiry?
If he has, then he (the treasurer) has notice of present conditions and if he as a public officer with notice failed to use the prudence and discretion that the ordinarily prudent and discreet man would under similar circumstances, would he not be guilty of official misconduct and liable on his official bond?
If the treasurer has notice at all, he has notice that the claim is made that the levy that created the fund from which it is sought to have this warrant paid is invalid and without authority of law, and tax rates are set out to show whether or not the limitation prescribed by law has been exceeded. That is not all; the treasurer as such is charged with a knowledge of the tax rate in *240 each taxing district of his county, regardless of' actions at law or suits in equity.
Suppose in the face of all this knowledge he pays this fund out and the courts subsequently hold that the levy is void and suit is instituted against the county to recover back the taxes paid, where would the liability rest?
That is not all. There are two suits pending in which the same question is involved that is involved in this case.
Lias the court under such circumstances any authority to allow the writ?
. This court thinks not. See 26 Cyc., p. 184.
The court is of the opinion that the treasurer did what was demanded of him as a public officer, when he refused to pay the warrant under the circumstances related by him in his answer.
The demurrer to the first and second causes of action separately and severally is overruled and the demurrer to said answer as a whole is overruled. Exceptions of plaintiff are noted. Plaintiff may have five days to further plead, if desired; if not, the judgment of the court will be that the writ be refused.